IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOR WEBSTER,

        Plaintiff,                  No. CIV S-06-0740 GEB CMK P

    vs.

ROD NICKMAN, et al.

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00[1] for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $6.97 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

---

[1] Plaintiff's complaint was filed on April 5, 2006—before the filing fee increased to $350.00 on April 9, 2006.

1

agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  See  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),

construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**I.   Background**

  Plaintiff states that defendants violated his Fourteenth Amendment rights by denying him equal protection and violated his Eighth Amendment Rights by being deliberately indifferent to plaintiff's personal safety and to plaintiff's medical needs.

  Plaintiff alleges that, on February 1, 2005, he was in the lower prison yard, which is "always occupied exclusively by Black inmates...." (Compl. at 7:23-24.) Defendant K. Edwards is the guard responsible for the lower yard. Plaintiff states that defendant Edwards has a reputation for shooting African-American inmates. Defendant Edwards was at his regular post when an altercation began between three African-American inmates. Plaintiff was approximately thirty feet away from the altercation. Defendant Edwards fired two rounds from his "40 mm launcher," one of which struck plaintiff in the right hand, causing major injuries. Plaintiff states that defendant Edwards stated in his report of the incident that he did not know who or what he struck with his shots.

  Plaintiff was taken to the prison medical clinic. He was seen by medical personnel, who wrapped his hand, gave him some Tylenol and sent him to his cell, with promises that plaintiff would soon see a doctor. Plaintiff states that by February 6, 2005, he was still in excruciating pain and filled out a medical request to see an doctor outside the prison. Plaintiff also submitted a grievance expressing his dissatisfaction with his medical care. On February 9, 2005, Plaintiff was seen by the prison clinic, which gave him more Tylenol and advised him to give his hand "time to heal." Plaintiff returned to the prison clinic on February 24, 2005 and told the doctor that he was still in pain and again requested to see an outside physician. The doctor informed plaintiff that plaintiff did not need to see an outside physician and told plaintiff that he would re-check plaintiff's X-rays. Plaintiff discovered that his X-ray films were first read on February 1, 2005, the physician found no fracture. However, when plaintiff's films were read on

May 13, 2005, a fracture was found.

In May 2005, plaintiff began to experience problems with gripping objects and requested a brace for his hand.  In response, plaintiff was seen by a nurse, who gave him Tylenol and an ace wrap for his hand.  Plaintiff states that to date he has not received any medical care for his fracture except Tylenol and that he has not seen an outside physician.  Plaintiff states that he has filed several grievances and has not received responses.

Plaintiff names the following defendants.  He names Jeanne Woodford, Director of Corrections because she is responsible for the operations of all state penal institutions and their employees.  He names Rod Hickman, Secretary of Corrections, because he is responsible for the actions of all employees of the prison system. Plaintiff claims that he sent Mr. Hickman a detailed letter concerning the denial of medical care to plaintiff, but Mr. Hickman did nothing and referred the letter back to the prison.  Plaintiff names Scott Kernan, Warden of CSP/ SAC IV, because Mr. Kernan is responsible for the actions of all his employees. Plaintiff alleges that Mr. Kernan was appraised of this situation through the second level review of plaintiff's grievance.  Plaintiff names J. Kidney, Use of Force Analyst, because she is responsible for investigating and analyzing the use of force by correctional officers.  Plaintiff claims that Ms. Kidney reviewed his grievance and failed to send him a report regarding her decision.  Finally, defendant names K. Edwards, correctional officer, because Mr. Edwards was the guard who shot plaintiff in the right hand.

**II.    Discussion**

When prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

Denial of medical attention to prisoners constitutes an Eighth Amendment violation if the denial amounts to deliberate indifference to a serious medical need of the

1  prisoner.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay of, or
2  interference with, medical treatment can also amount to deliberate indifference.  See Lopez v.
3  Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).
4         Liability under § 1983 arises only upon a showing of personal participation by the
5  defendant.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor is only liable
6  for the constitutional violations of subordinates if the supervisor participated in or directed the
7  violations, or knew of the violations and failed to act to prevent them.  See id.  For example,
8  denial of appeals is, in some cases sufficient to establish supervisory liability, see Hamilton v.
9  Endell, 981 F.2d 1062, 1067 (9th Cir. 1992), and knowledge of a policy and practice that
10 allegedly resulted in an inmate's rape could be sufficient to establish liability.  See Redman v.
11 County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991)(en banc).
12        Here, plaintiff has shown that he sent a detailed letter to defendant Nickman
13 informing him of the alleged denial of medical care to plaintiff.  Plaintiff has also shown that
14 defendants Kernan and Kidney were involved in denials of plaintiff's appeals.
15        Accordingly, the court finds that the complaint states a colorable claim for relief
16 under the Eighth Amendment against defendant Edwards, Nickman, Kernan, and Kidney
17 pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).
18        Plaintiff has not shown that defendant Jeanne Woodford had any connection or
19 knowledge of the alleged denial of plaintiff's rights.  Accordingly, the court finds that plaintiff
20 has failed to state an Eight Amendment claim against defendant Woodford.
21        The court finds that plaintiff fails to state a Fourteenth Amendment equal
22 protection claim against all defendants.  Plaintiff has not linked his being shot in the hand or his
23 denial of medical care with any equal protection claim, apart from conclusory allegations.  To
24 plead an equal protection violation, plaintiff must allege he has been treated differently from
25 others with whom he is similarly situated and that the unequal treatment was the result of
26 intentional or purposeful discrimination.  Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).

Plaintiff has failed to link his factual allegations to his legal claims.  See McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

The court will allow plaintiff the opportunity to amend his complaint to cure the deficiencies with his claim against defendant Woodford and his equal protection claim against all defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $6.97. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint fails to state a cognizable claim for relief against defendant Jeanne Woodford for the reasons discussed above.

4. Plaintiff's complaint fails to state a fourteenth Amendment claim against defendants Rod Nickman, Jeanne Woodford, Scott Kernan, K. Edwards or J. Kidney for the reasons discussed above.

5. Plaintiff is granted thirty days to file an amended complaint against defendants that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint will result in a recommendation that defendant Woodford be dismissed from this action and that the Fourteenth Amendment Equal protection claim be dismissed against defendants Rod Nickman, Scott Kernan, K. Edward and J. Kidney be dismissed from this action.

6. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: May 3, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE