IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOR WEBSTER,

    Plaintiff,                    No. CIV S-06-0740 GEB CMK P

    vs.

ROD HICKMAN, et al.,

    Defendants.            <u>ORDER</u>

                                /

        October 5, 2006, plaintiff filed a request for the following forms: 1) Motion for Appointment of Counsel; 2) Declaration; 3) Interrogatories to Defendants; 4) Production of Documents; 5) Compelling Discovery; 6) Leave to file an Amended Complaint; and 7) Extention [sic] to Time.

        Plaintiff's request is somewhat perplexing. By order filed August 18, 2006, this court dismissed plaintiff's Fourteenth Amendment claims against defendants Hickman, Woodford, Kernan, Edwards, Kidney and Medical Personnel and dismissed plaintiff's Eighth Amendment claims against defendant Woodford. On September 21, 2006, this court ordered that service was appropriate for defendants Edward, Hickman, Kernan, and Kidney. Plaintiff was advised that, upon discovery of the names of his fictitious doe defendants, he must promptly file a motion to amend, accompanied by a proposed amended complaint. Plaintiff was provided with

1

four USM-285 forms, which he was required to complete and return to the court by October 31, 2006. It now appears that, among other things, plaintiff seeks leave to file an amended complaint and also wishes to begin discovery against defendants who have not yet been served.

Plaintiff has filed a request for a form to request the appointment of counsel. The court construes this request as a request for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In addition, plaintiff has filed a request for a form to file discovery requests. Discovery requests at this time are premature. Indeed, defendants have not yet been served with plaintiff's complaint and no scheduling order, which would address matters relating to discovery, has been issued. Plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.

The court is unsure as to what plaintiff is referring when he requests a form for a declaration. Accordingly, this request will be denied.

Finally, plaintiff has requested leave to file an amended complaint and an extention [sic] of time. Plaintiff is informed that there is no form for filing an amended complaint. Instead, plaintiff must file a motion to file an amended complaint, which must be accompanied by a proposed amended complaint. The court construes plaintiff's request for an

extension of time as a request for additional time to complete and return the USM-285 forms to the court.  Accordingly, plaintiff will be granted an additional thirty days from the date this order is filed to complete and return the USM-285 forms to this court.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's October 5, 2006 request for the appointment of counsel is denied.

2. Plaintiff's October 5, 2006 request for a form for a declaration is denied.

3. Plaintiff's October 5, 2006 request for discovery forms and/or discovery are denied.

4. Plaintiff's October 5, 2006 request for a form for leave to file an amended complaint and/or to file an amended complaint is denied.

4. Plaintiff's October 5, 2006 request for an extension of time is construed as a request for an extension of time to return the four completed USM-285 forms to the court. Plaintiff is granted thirty days from the date this order is filed to return the four completed USM-285 forms and other documents necessary for service of defendants to the court.

DATED:   October 19, 2006.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3