IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOR WEBSTER,

    Plaintiff,                      No. CIV S-06-0740 GEB CMK P

    vs.

ROD HICKMAN, et al.,

    Defendants.               ORDER

_____/

        Plaintiff filed this civil rights action on April 5, 2006. On May 9, 2006, the court found that plaintiff failed to state a Eighth Amendment claim against defendant Woodford and that plaintiff had failed to state a Fourteenth Amendment Equal Protection claim against all defendants. The court granted plaintiff thirty days to file an amended complaint. Plaintiff was advised that failure to file an amended complaint would result in a recommendation that his Eighth Amendment claim against defendant Woodford be dismissed and that his Fourteenth Amendment Equal Protection claim be dismissed.

        Plaintiff failed to file an amended complaint; accordingly the court issued findings and recommendations recommending dismissal. Plaintiff failed to file objections to the findings and recommendations. The findings and recommendations were adopted on August 18, 2006, and the court issued a service order on September 21, 2006.

1

On October 20, 2006, plaintiff submitted the necessary documents for service of the remaining defendants and also filed a motion to amend his complaint, accompanied by an amended complaint. "A party may amend the party's pleading as a matter of course at any time before a responsive pleading is served..." Fed. R. Civ. P 15(a). Accordingly, plaintiff's motion to file an amended complaint is granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

I.  Background

As in his original complaint, plaintiff's amended complaint names Rod Hickman, Jeanne Woodford, K. Edwards, and J. Kidney as defendants; however, he adds an additional defendant, Monte Penner, M.D.  He asserts that defendants violated his constitutional rights by denying him equal protection and were deliberately indifferent to his personal safety and to his medical needs. The gist of plaintiff's complaint is that he was in an exercise yard occupied "exclusively by black inmates" when an altercation broke out.  Defendant Edwards, who allegedly has a reputation for shooting black inmates, shot into the yard to break up the altercation.  One of the rounds shot by defendant Edwards struck plaintiff in the right hand, causing major injuries.

Plaintiff was taken to the prison infirmary, where he was seen by Monte Penner, M.D. who allegedly "merely wrapped plaintiff's hand up, gave [him] some Tylenols [sic] and, sent [him] to his cell with a promise to see a doctor.  It appears that plaintiff alleges that he never received medical attention, despite filing many grievances.  He states that on February 24, 2005, he told defendant Penner that he was in excruciating pain, but defendant Penner told plaintiff that he would review plaintiff's x-ray and sent plaintiff back to his cell.  Plaintiff states that he has experienced continuous pain in his hand, experienced problems with gripping objects and has not received medical attention other than Tylenol.

II.  Standard of Review

When prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  As plaintiff asserts that defendant Edwards did not apply force in a good faith manner, he has stated a cognizable claim against him.

Denial of medical attention to prisoners constitutes an Eighth Amendment

1  violation if the denial amounts to deliberate indifference to a serious medical need of the
2  prisoner.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay of, or
3  interference with, medical treatment can also amount to deliberate indifference.  See Lopez v.
4  Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).  The court finds that plaintiff has stated a
5  cognizable Eighth Amendment claim against defendant Penner.
6           Liability under § 1983 arises only upon a showing of personal participation by the
7  defendant.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor is only liable
8  for the constitutional violations of subordinates if the supervisor participated in or directed the
9  violations, or knew of the violations and failed to act to prevent them.  See id.  For example,
10 denial of appeals is, in some cases sufficient to establish supervisory liability, see Hamilton v.
11 Endell, 981 F.2d 1062, 1067 (9th Cir. 1992), and knowledge of a policy and practice that
12 allegedly resulted in an inmates rape could be sufficient to establish liability.  See Redman v.
13 County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991)(en banc).
14           Here, plaintiff has shown that he sent a detailed letter to defendant Hickman
15 informing him of the alleged denial of medical care to plaintiff.  Plaintiff has also shown that
16 defendant Kernan knew of the alleged denial of medical care through plaintiff's appeals, but
17 failed to act to remedy it.
18           Accordingly, the court finds that the complaint states a colorable claim for relief
19 under the Eighth Amendment against defendant Edwards, Hickman, and Kernan  pursuant to 42
20 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).
21           In his amended complaint, plaintiff appears to allege that Defendant Kidney, who
22 is the use of force analyst, failed to grant his grievance concerning the use of force.  Plaintiff has
23 alleged in his complaint that defendant Edwards had a policy of shooting black inmates.
24 Accordingly, the denial of plaintiff's appeal regarding use of force may be sufficient to establish
25 supervisory liability.  See Redman, 942 F.2d at 1446-47.  Accordingly, plaintiff states a
26 cognizable Eighth Amendment claim against defendant Kidney.

Plaintiff states that defendant Woodford was aware of plaintiff's denial of medical care by virtue of his appeals to the director's level. While it is not clear whether defendant Woodford is actually made aware of director's level appeals, construing the complaint broadly and in a light most favorable to defendant compels the court to conclude that plaintiff has stated a cognizable Eighth Amendment claim against defendant Woodford.

The court finds that plaintiff fails to state a Fourteenth Amendment equal protection claim against all defendants. Plaintiff has not linked his being shot in the hand or his denial of medical care with any equal protection claim, apart from conclusory allegations. To plead an equal protection violation, plaintiff must allege he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Plaintiff has failed to link his factual allegations to his legal claims. See McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

Accordingly, the court will allow plaintiff an opportunity to amend his complaint to state a cognizable Equal Protection claim. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is

because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  October 27, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE